USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 09/14/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAJOR LEAGUE BASEBALL PROPERTIES, INC.,

    Petitioner,

-against-

CORPORACION DE TELEVISION Y MICROONDA RAFA, S.A,

    Respondent.

1:19-cv-8669-MKV

OPINION AND ORDER
GRANTING MOTION
FOR SUMMARY JUDGMENT
AND
CONFIRMING ARBITRATION AWARD

MARY KAY VYSKOCIL, United States District Judge:

    This case comes before the Court on a petition to confirm an arbitration award under Section 207 of the Federal Arbitration Act, 9 U.S.C. § 207, and Article III of the United Nations Convention for the Recognition and Enforcement of Foreign Arbitral Awards, June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 38 (the "New York Convention"). (Pet. ¶ 1 [ECF No. 1].) On January 17, 2020, Petitioner Major League Baseball Properties, Inc. ("MLB") filed a motion for summary judgment requesting confirmation of the award (Pet'r's Mot. [ECF No. 23]), along with a supporting memorandum (Pet'r's Mem. [ECF No. 24]) and an accompanying Statement of Material Facts under Local Civil Rule 56.1 (Pet'r's 56.1 [ECF No. 26]). Respondent Corporación de Televisión y Microonda Rafa, S.A. ("Telemicro") filed an opposition (Resp't's Mem. [ECF No. 31]) and a responding 56.1 Statement (Resp't's 56.1 [ECF No. 33]). Petitioner filed a reply (Pet'r's Reply [ECF No. 34]) and a response to Telemicro's 56.1 Statement (Pet'r's 56.1 Resp. [ECF No. 36]). After reviewing the parties' submissions, the Court concludes that Telemicro has failed to justify interference with the arbitration award. Therefore, MLB's motion for summary judgment is GRANTED and the arbitration award is CONFIRMED.

**BACKGROUND**

This matter arises from a contract dispute between MLB and Telemicro, a media broadcast company, concerning the latter's rights to broadcast MLB content in the Dominican Republic for the 2016-2018 seasons. (Resp't's 56.1 ¶ 5.) At various points, Telemicro failed to make payments for its broadcast rights under the contract. (*Id.* ¶¶ 6–7, 10.) As a result, MLB terminated the contract in 2017. (*Id.* ¶ 13.)

On December 18, 2017, MLB filed a demand for arbitration pursuant to the arbitration clause in the contract. (*Id.* ¶¶ 4, 15.) On April 23, 2018, as the arbitration process began, Telemicro sought to halt proceedings by writing to the American Arbitration Association ("AAA") and seeking a stay in New York state court. (Resp't's 56.1 ¶¶ 65–66.) Telemicro also failed to submit an arbitrator ranking list to the AAA, which was due that day. (*Id.* ¶ 67.) The next day, the AAA informed the parties that the request for a stay was denied and that Telemicro's failure to submit a ranking list was deemed acceptance of the entire list. (*Id.* ¶¶ 68–69.) On April 26, the AAA appointed Stephen Strick as arbitrator ("Arbitrator") and proceedings commenced. (*Id.* ¶ 70.) Shortly thereafter, the New York Supreme Court denied Telemicro's request for a stay of the arbitration. (*Id.* ¶ 71.) For over six months, the parties actively participated in an extensive arbitration proceeding, which resulted in a Partial Final Award and then a Final Award in favor of MLB. (*Id.* ¶¶ 17–49.) To date, Telemicro has not paid MLB any of the amounts owed under the Final Award. (*Id.* ¶¶ 49–50.)

Telemicro argues that the Final Award should not be confirmed for two reasons: (1) the arbitration tribunal was not properly constituted because the arbitrator selection process was flawed; and (2) the Arbitrator erred in awarding attorneys' fees in the Final Award. (Resp't's Mem. 7–10.)

## **LEGAL STANDARD**

### A. Summary Judgment Standard

A petition to confirm an arbitration award is "treated as akin to a motion for summary judgment." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109 (2d Cir. 2006); *STX Pan Ocean Shipping Co. v. Progress Bulk Carriers Ltd.*, No. 12-cv-5388-RJS, 2013 WL 1385017, at *2 (S.D.N.Y. Mar. 14, 2013). Summary judgment is proper where the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id*. A court considering a motion for summary judgment must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *See Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012).

### B. Deference to Arbitration Decisions

"[J]udicial review of an arbitral award is sharply circumscribed." *Bailey Shipping, Ltd. v. Am. Bureau of Shipping*, 431 F. Supp. 3d 359, 364 (S.D.N.Y. 2019) (citing *Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir. 1997)). Indeed, confirmation of an arbitration award is usually a "summary proceeding" because under the Federal Arbitration Act, "[t]he court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention." 9 U.S.C. § 207; *D.H. Blair*, 462 F.3d at 110 ("[T]he court must grant the award unless the award is vacated, modified, or corrected.") (internal quotation marks omitted). The petitioner's burden is therefore "not an onerous one," while the burden on the party opposing confirmation of the award is "very high." *N.Y.C. Dist. Council of Carpenters Pension Fund v. Angel Constr. Grp.*,

LLC, No. 08 Civ. 9061 (RJS), 2009 WL 256009, at *1 (S.D.N.Y. Feb. 3, 2009) (quoting *D.H. Blair*, 462 F.3d at 110); *see also Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001) (noting that courts cannot review merits of arbitration awards); *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir. 2003) (noting that arbitration awards are entitled to great deference).

Article V of the New York Convention "specifies seven exclusive grounds upon which courts may refuse to recognize an award." *Encyclopaedia Universalis S.A. v. Encyclopaedia Britannica, Inc.*, 403 F.3d 85, 90 (2d Cir. 2005). Only one of these is at issue here: whether the selection of the arbitrator "was in accordance with the agreement of the parties." New York Convention, art. V(1)(d). In addition to the grounds afforded by statute, "the court may set aside an arbitration award if it was rendered in manifest disregard of the law." *Weiss v. Sallie Mae, Inc.*, 939 F.3d 105, 109 (2d Cir. 2019) (quoting *Schwartz v. Merrill Lynch & Co.*, 665 F.3d 444, 451 (2d Cir. 2011). But this mechanism is reserved only for "exceedingly rare instances where some egregious impropriety on the part of the arbitrator is apparent." *T.Co Metals, LLC v. Dempsey Pipe & Supply, Inc.*, 592 F.3d 329, 339 (2d Cir. 2010) (alteration and citation omitted). Accordingly, a party seeking to vacate an arbitration award on this ground "bears a heavy burden." *Id.* (internal quotation marks and citation omitted).

## DISCUSSION

Telemicro does not dispute that MLB has made a threshold showing of an arbitration award in its favor and has properly moved to have the award confirmed in federal court. (Resp't's Mem. 1.) Rather, it opposes confirmation on the theory that "there are critical disputed issues of fact" with respect to (1) the selection of the Arbitrator, and (2) the Arbitrator's process for determining attorneys' fees, thereby making summary judgment improper.

Contrary to Telemicro's assertions, there are no disputed issues of material fact that prevent the Court from resolving this matter on summary judgment. First, the dispute concerning the selection process does not raise a question of fact. MLB states that the Final Award was made "by an arbitration tribunal duly constituted" while Telemicro "denies that the arbitration tribunal was properly constituted." (Resp't's 56.1 ¶ 1.) But whether the arbitration tribunal was properly constituted is not a disputed fact but a contested legal conclusion drawn from facts that are not disputed: the parties were instructed to submit a ranked list of arbitrators, Telemicro chose not to do so, this was deemed acceptance of the entire list, and this resulted in the appointment of the Arbitrator. (Pet'r's 56.1 Resp. ¶¶ 67–70.) Telemicro also does not point to a single disputed fact pertaining to the award of attorneys' fees, simply describing that decision as "erroneous" and "improper." (Resp't's Mem. 9.) In the absence of a genuine dispute of material fact, the court may resolve this case on summary judgment. Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

### A. Appointment of the Arbitrator

Telemicro argues that the Court should decline to confirm the arbitration award because the Arbitrator was appointed without Telemicro's input. (Resp't's Mem. 7.) The arbitration provision of the governing contract provides that the arbitration shall be "administered by the American Arbitration Association in accordance with its Commercial Arbitration Rules." (Pet. ¶ 19.) In Telemicro's own words, "the [AAA] Rule states that if a party fails to return a list, all persons named therein shall be deemed acceptable to that party." (Resp't's Mem. 7 (internal quotation marks omitted).) That is precisely what occurred here: Telemicro failed to return a list, and the AAA appointed the Arbitrator. (Pet'r's 56.1 Resp. ¶¶ 67, 69–70.)

Telemicro contends that the decision of the AAA to proceed with appointing the Arbitrator in these circumstances—that is, after Telemicro commenced an action in New York state court to

stay arbitration—equates to a "due process" violation. (Resp't's Mem. 7.) Specifically, Telemicro argues that its participation in the selection of the Arbitrator would have waived its challenge to the jurisdiction of the arbitration. (*Id.* at 8.)[1] The Court need not decide whether submitting a ranking list would have precluded Telemicro from seeking a stay of arbitration in New York state court because Telemicro has failed to explain why it waited until the day the list was due to seek a stay or why it ignored the response from the AAA explaining that the deadline to submit the list remained unchanged. More importantly, Telemicro took no action, once the stay had been denied, to challenge the appointment of the Arbitrator within the arbitration process, as it was required to do. *Malone v. Credit Suisse Secs. (USA), LLC*, No. 18-CV-6872 (VEC), 2019 WL 463434, at *2 (S.D.N.Y. Feb. 5, 2019) ("The Second Circuit has long held that a failure to make a timely objection to the selection of an arbitrator precludes a party from later vacating the arbitral award on the basis that the arbitrator was improperly chosen." (citing *Cook Indus., Inc. v. C. Itoh & Co. (Am.) Inc.*, 449 F.2d 106, 107–08 (2d Cir. 1971); *Garfield & Co. v. Wiest, 432 F.2d 849, 853* (2d Cir. 1970); and *Sokolowski v. Metro. Transp. Auth.*, 723 F.3d 187, 191 (2d Cir. 2013))). Telemicro's challenge misses the mark, comes far too late, and is entirely insufficient to warrant this Court rejecting an otherwise valid arbitration decision.

### B. The Arbitrator's Conclusions

Telemicro also argues that the Arbitrator displayed "manifest disregard" for the law in awarding MLB attorneys' fees. (Resp't's Mem. 5–6, 9.) Specifically, Telemicro argues that (1) the Arbitrator failed to consider Telemicro's successful defense of a particular claim, which limited MLB's recovery, and (2) the Arbitrator decided the attorneys' fee award after reviewing MLB's

---

[1] MLB makes a credible argument that contrary to Telemicro's assertions, submission of the list of potential arbitrators would *not* have waived Telemicro's right to seek a stay. (Pet'r's Reply 6.) *See Town of Mamaroneck v. Byron Elec. Co.*, 148 A.D.2d 458, 459, 538 N.Y.S.2d 612 (2d Dep't 1989) (finding no waiver where application for stay preceded participation in arbitrator selection process).

unredacted invoices *in camera* on an *ex parte* basis.  (Resp't's Mem. 9–10.)  These arguments are baseless.

First, the attorneys' fees were awarded based on the provision of the parties' contract that provided for reimbursement of attorneys' fees and costs incurred by MLB in connection with a breach of the contract and collection of amounts due (Decl. Steven G. Kobre Supp. Pet. Ex. 2 [ECF No. 5-2]); they were not based on some "prevailing party" provision.  *Cf. B/E Aerospace, Inc. v. Jet Aviation St. Louis, Inc.*, No. 11 Civ. 8569(SAS), 2012 WL 1577497, at *4 (S.D.N.Y. May 2, 2012) (rejecting challenge to award of attorneys' fees and finding no manifest disregard of the law where the arbitrator awarded such fees pursuant to AAA rules, which were expressly incorporated into the parties' agreement).  Telemicro provides no support for its argument that its successful defense of a particular claim forbids an award of all attorneys' fees.  Indeed, the applicable contract provision states that Telemicro would "reimburse MLB for *any* attorneys' fees and *all* costs and other expenses incurred by MLB in connection with the breach" of the agreement.  (Decl. Steven G. Kobre Supp. Pet. Ex. 2 (emphasis added).)  Nothing in the record suggests the Arbitrator's awards were inconsistent with the parties' agreement, "much less that it constituted a 'manifest disregard of the law.'"  *DigiTelCom, Ltd. v. Tele2 Sverige AB*, No. 12 Civ. 3082(RJS), 2012 WL 3065345, at *5 (July 25, 2012).

Second, Telemicro cites no caselaw to suggest a manifest disregard of the law or fundamental unfairness with respect to the Arbitrator's decision to review MLB's invoices *in camera* over concerns of attorney-client privilege.  (*See* Decl. Steven G. Kobre Supp. Mot. Ex. 4 (e-mail from Arbitrator to parties: "If there are privileged items, then I will review them unredacted *in camera*.") [ECF No. 35-4].)  In fact, caselaw suggests the opposite: courts often review invoices and billing records *in camera* when calculating awards of attorneys' fees and costs.  *See Hervochon v. Iona Coll.*, 14 Civ. 6017 (CS) (PED), 2019 WL 2451431, at *15–16 (S.D.N.Y. Feb. 15, 2019)

7

(conducting *in camera* review of invoices on parties' cross motions for summary judgment for attorneys' fees and costs); *Cortes v. New Creators, Inc.*, 15 Civ. 5680 (PAE), 2016 WL 3455383, at *5 n.4 (S.D.N.Y. June 20, 2016) (internal citation omitted ) ("Plaintiffs' counsel has submitted for *in camera* review a declaration regarding its request for attorneys' fees and costs, along with its billing records, Invoice, and an invoice for the services performed by the outside counsel . . . ."); *Internet Law Library, Inc. v. Southridge Capital. Mgmt. LLC*, Nos. 01 Civ. 6600(JSR), 01 Civ. 0877(JSR), 02 Civ. 0138(JSR), 2010 WL 3290965, at (S.D.N.Y. Aug. 11, 2010) (reviewing attorneys' timesheets *in camera* to determine reasonableness of requested fee award); *Melnick v. Press*, No. 06-CV-6686 (JFB)(ARL), 2009 WL 2824586, *5 (E.D.N.Y. Aug. 28, 2009) (reviewing billing invoices *in camera* before fixing amount of attorneys' charging lien in connection with its former representation of plaintiffs). Thus, it cannot be said that the Arbitrator's decision to review the records *in camera* amid concerns of attorney-client privilege constituted a manifest disregard of the law.

## Conclusion

Telemicro has offered no legitimate basis for the Court to disturb the arbitration award. Accordingly, MLB's Motion for Summary Judgment is GRANTED and the Final Award in AAA Case Number 01-17-0007-5412 is CONFIRMED.

**SO ORDERED.**

Date: September 14, 2020
New York, NY

_____
**MARY KAY VYSKOCIL**
**United States District Judge**