UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAJOR LEAGUE BASEBALL PROPERTIES, INC.,

    Petitioner,

-against-

CORPORACION DE TELEVISION Y
MICROONDA RAFA, S.A,

    Respondent.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/28/2021

1:19-cv-8669-MKV

ORDER

MARY KAY VYSKOCIL, United States District Judge:

On September 14, 2020, the Court issued an Opinion and Order granting the motion of Petitioner Major League Baseball Properties, Inc.'s for summary judgment and confirming the arbitration award from which this case arises. [ECF No. 37]. The Court entered judgment and retained jurisdiction over the parties and the matter for any further proceedings as may be necessary to enforce the arbitration award. [ECF No. 38]. The judgment held Respondent liable for $6,012,463.97 plus (1) post-judgment interest, pursuant to 28 U.S.C. § 1961, accruing thereafter through the date of payment; and (2) under the terms of the Final Award, reasonable attorneys' fees and expenses incurred by Petitioner associated with the collection and enforcement of this Judgment. [ECF No. 38]. Respondent appealed the Judgment but has not posted a bond or sought a stay of its execution. In the interim, on January 7, 2021, Magistrate Judge Gorenstein entered an Opinion and Order awarding Petitioner $72,100.00 in attorney's fees and $4,520.39 in costs, for a total of $76,620.39. [ECF No. 55].

### I. Petitioner's Motion to Register the Judgment

On March 3, 2021, Petitioner moved for an order pursuant to 28 U.S.C. § 1963 to register this Court's Judgment in other U.S. District Courts while Plaintiffs' appeal is pending, [ECF No.

56] and to seal the Declaration of Josef M. Klazen in support of Petitioner's motion for leave to register judgment, [ECF No. 59].

Section 1963 provides that "[a] judgment . . . entered in any . . . district court . . . may be registered by filing a certified copy of the judgment in any other district . . . when the judgment has become final by appeal or . . . when ordered by the court that entered the judgment for good cause shown." 28 U.S.C. § 1963. Thus, "[n]otwithstanding the pendency of an appeal," a judgment may be registered in another judicial district when ordered by the issuing court for "good cause." *Latin American Music Company, Inc., a/k/a LAMCO, & Asociacion de Compositores y Editores de Musical Latinoamericana, a/k/a ACEMLA, v. Spanish Broadcasting System Inc.*, No. 13 CIV. 1526 (RJS), 2021 WL 2333894, at *1 (S.D.N.Y. May 7, 2021); *see* L*ifetree Trading Pte. Ltd. v. Washakie Renewable Energy, LLC*, No. 14-CV-9075 (JPO), 2018 WL 4278280, at *1 (S.D.N.Y. Feb. 1, 2018).

"Good cause is established upon a mere showing that the party against whom the judgment has been entered has substantial property in the other foreign district and insufficient property in the rendering district to satisfy the judgment." *HSH Nordbank AG New York Branch v. Swerdlow*, No. 08-cv-6131 (DLC), 2010 WL 1957265, at *1 (S.D.N.Y. May 14, 2010) (internal quotation marks omitted). "A judgment creditor need not provide exact evidence of the debtor's assets and good cause may be supported by a lesser showing." *Latin American Music Company*, 2021 WL 2333894, at *1 (quoting *Ambac Assur. Corp. v. Adelanto Pub. Util. Auth.*, No. 09-cv-5087 (JFK), 2014 WL 2893306, at *4 (S.D.N.Y. June 26, 2014)); *see HSH Nordbank AG New York Branch*, 2010 WL 1957265, at *1 ("A court may rely on affidavits and other documentary evidence in order to determine whether good cause has been shown.").

Petitioner has provided ample evidence in support of its March 3 motion, including: (1) the affidavit of Nelson Cruz, Financial Manager of Respondent, attesting that Respondent does not

hold any asset or property outside the Dominican Republic [ECF 58-1]; and (2) and Petitioner's affidavit that it has identified possible commercial counterparties of Respondent in other U.S. states [ECF No. 62]. Respondent has not objected to Petitioner's motion and has "failed to submit any evidence to the contrary or offer any substantial reason why [Petitioner's Judgment] should not be protected by registration" in other U.S. District Courts. *Latin American Music Company*, 2021 WL 2333894, at *1.

The Court also has broad discretion to determine the extent of the relief granted on a motion under Section 1963, including permission to register the Judgment in any other U.S. District Court. *See, e.g.*, *Treasure Chest Themed Value Mail, Inc. v. David Morris Int'l, Inc.*, No. 17-cv-1 (NRB), 2019 WL 2006179, at *3 (S.D.N.Y. May 6, 2019) (granting leave "to register judgment in other districts"). Where an applicant "has identified potentially mobile assets," the judgment debtor "could then move the assets elsewhere before they could be seized" once the Court registers a judgment in a relevant state. *See Chevron Corp. v. Republic of Ecuador*, 987 F. Supp. 2d 82, 85 (D.D.C. 2013). As such, because Petitioner has established "good cause" and Respondent has failed to provide a basis for denying Petitioner's motion to register the Judgment in other U.S. District Courts, Petitioner's motion is GRANTED.

## II. Petitioner's Motion To Compel Discovery And An Order To Show Cause Hearing

While the motion for leave to register judgment was pending, on August 2, 2021, the Court granted the motion of Yankwitt LLP and the Law Offices of Jordan D. Becker to withdraw as counsel to Respondent Corporacion de Television y Microonda Rafa, S.A.. [ECF No. 73]. The Court ordered that on or before August 16, 2021, Respondent retain substitute counsel and respond to Petitioner's pre-motion letter in connection with Petitioner's anticipated motion, pursuant to Federal Rule of Civil Procedure 45, to compel compliance with subpoenas and to hold Respondent in contempt. [*Id.*; *see* ECF No. 68]. The Court warned that "**FAILURE TO COMPLY WITH**

**THIS ORDER AND THE DEADLINES HEREIN MAY RESULT IN SANCTIONS, INCLUDING RESPONDENT BEING HELD IN CONTEMPT.**" [ECF No. 73]. As of this date, Respondent has not appeared or responded to Petitioner's pre-motion letter, as the Court ordered.

On August 19, 2021, Petitioner filed a letter requesting that the Court (1) order Respondent to appear through one or more appropriate representatives—specifically, Marco A. Herrera Beato or Francisco S. Duran Gonzalez, who instructed former counsel in its representation of Respondent—for a show cause hearing on why sanctions should not be imposed for noncompliance with the Court's August 2, 2021 Order and (2) compel Respondent to comply with Petitioner's discovery demands as described in its pre-motion letter. [ECF No. 77].

While that matter was pending, On October 7, 2021, Petitioner filed a letter seeking the Court's permission to file a motion to compel discovery responses from third party Telemicro International Holding Corporation (TIHC), which Petitioner alleges is a New York-based subsidiary of Respondent. [ECF No. 79]. Subsequently, TIHC filed an appearance and responded to Petitioner's letter, averring that it is was not owned or controlled by Respondent and has no information regarding the assets of Respondent. [ECF Nos. 80, 81]. It further contended that it had been responsive to Petitioner's requests for information, but that the assets that Petitioner sought information on were from TIHC, not Respondent, and therefore, the requests were improper. [ECF No. 81]. TIHC stated that it would work with counsel for Petitioner to provide information that it had available but wanted Petitioner to refine its questions to be more less broad and burdensome. [ECF No. 81].

Petitioner responded and, while continuing to assert that TIHC is a New York-based subsidiary of Respondent, stated that it would work with counsel to TIHC to narrow its requests to "documents that TIHC should be able to identify and produce within the next two weeks." [ECF

4

No. 82]. Petitioner therefore asks the Court to hold in abeyance its request for permission to seek an order compelling TIHC's compliance with the subpoena until November 8, 2021. [ECF No. 82]. Therefore, Petitioner's pre-motion letter seeking permission to file a motion to compel discovery responses from third party TIHC [ECF No. 79] is DENIED without prejudice as moot.

### III. Conclusion

Petitioner's motion to register judgment in other districts [ECF No. 56] is GRANTED. Petitioner's motion to seal the declaration of Josef M. Klazen [ECF No. 59] is GRANTED. Petitioner's pre-motion letter seeking permission to file a motion to compel discovery responses from third party TIHC [ECF No. 79] is DENIED without prejudice as moot.

The Court directs counsel for Petitioner and Respondent to appear for a status conference on December 7, 2021 at 3:00 PM in Courtroom 18C of the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, New York. The Court also orders Respondent to appear through one or more appropriate representatives—specifically, Marco A. Herrera Beato or Francisco S. Duran Gonzalez.[1]

At this conference, the parties should be prepared to discuss the following:

1. Petitioner's motion to compel Respondent to comply with Petitioner's discovery demands [ECF Nos. 68, 77];
2. Respondent should be prepared to show cause as to why it should not be sanctioned for failure to comply with the Court's Order dated August 2, 2021 [ECF No. 73].

On or before November 23, 2021, Counsel for Petitioner is directed to serve this Order on Respondent.

---

[1] Because it is a corporation, Respondent Corporacion de Television y Microonda Rafa, S.A. may not proceed *pro se*. *See*, *e.g.*, *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 172 (2d Cir. 2001) ("As a corporation, appellant, Galaxiworld, could only appear with counsel."). However, the Court has given Respondent the opportunity to retain substitute counsel and it has not done so. As such, the Court concludes that it is appropriate for representatives of Respondent to appear to address its failure to retain new counsel for this proceeding.

Any request for an extension or adjournment shall be made by letter filed on ECF and must be received at least 48 hours before the deadline or conference.

**FAILURE TO COMPLY WITH THIS ORDER AND THE DEADLINES HEREIN MAY RESULT IN SANCTIONS, INCLUDING RESPONDENT BEING HELD IN CONTEMPT.**

The Clerk of Court is respectfully directed to terminate the motions pending at ECF Nos. 56, 59, and 79 and to issue a certified copy of the judgment for filing as requested by Petitioner.

**SO ORDERED.**

Date: **October 28, 2021**
      **New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**