```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  12/13/2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAJOR LEAGUE BASEBALL PROPERTIES, INC.,

Petitioner,

-against-

CORPORACION DE TELEVISION Y
MICROONDA RAFA, S.A,

Respondent.

1:19-cv-8669-MKV

ORDER

MARY KAY VYSKOCIL, United States District Judge:

On October 28, 2021, this Court entered an Order that detailed the history of Respondent's failure to comply with Petitioner's discovery demands. [ECF No. 83]. That order directed the parties to appear for a status conference on December 13, 2021 at 11:00 AM in Courtroom 18C of the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, New York. [ECF Nos. 83, 86].[1] On November 23, 2021, Petitioner filed proof of service of the Court's Order dated October 28, 2021 [ECF No. 83] and the text of the Notice of Adjournment [ECF No. 86] and minute order dated November 2, 2021, setting the status conference for December 13, 2021 at 11:00 AM. [ECF No. 89]. That proof of service indicated that Petitioner had served these documents on Respondent on November 8, 2021. [ECF No. 89].

In the interim, on December 10, 2021, the Court received a letter from Petitioner requesting leave to file a motion to compel, hold in contempt and/or to seek sanctions against four discovery targets—Danny D. Gomez, Maria B. Gomez, Harold Diaz, and Rivas Travel. [ECF No. 91]. Petitioner represents that it served each of the non-parties with a subpoena,

---

[1] The Order dated October 28, 2021 scheduled the hearing for December 7, 2021 at 3:00 PM. [ECF No. 83]. The Court later adjourned that hearing to December 13, 2021 at 11:00 AM. [ECF No. 86]. Respondent has been served with both orders. [ECF No. 89].

seeking information, documents, and a deposition, but that to date the parties have been non-responsive and have failed to appear for depositions. [ECF No. 91].

On December 13, 2021 at 11:00 AM the Court held the scheduled hearing. Petitioner appeared, but Respondent made no appearance. At the hearing, Petitioner advised the Court that a person purporting to work for Respondent called counsel's office an hour before the scheduled hearing time, asking for a call-in number for the conference. Petitioner directed that individual to contact the Court's chambers. As of 11:00 AM, the Court had not received any call or message from Respondent.[2]

At the hearing, the Court granted Petitioner leave to file a motion to compel Respondent to comply with Petitioner's discover demands. The Court also granted Petitioner leave to file a motion for sanctions as against Respondent.

At the hearing the Court did not discuss the substance of Petitioner's Pre-Motion letter seeking leave to file motions to compel against the four non-parties [ECF No. 91]. However, Petitioner advised the Court that it had not attempted to meet and confer with the four non-parties pursuant Federal Rule of Civil Procedure 37(a) and had not served the four non-parties with its pre-motion letter.

The Court Adjourned the hearing at 11:35 AM.

In accordance with matters discussed at the conference, IT IS HEREBY ORDERED that Petitioner is GRANTED leave to file a motion to compel Respondent to comply with Petitioner's discovery demands. Further briefing shall be submitted on the schedule set forth in Local Rule 6.1(a).

---

[2] After the hearing, the Court learned that an individual purporting to work for Respondent contacted the Court's chambers at 11:05 AM, after the hearing was already in session. The Court's Order dated October 28, 2021 that was served on Respondent on November 8, 2021, over a month before the scheduled hearing, made clear that the hearing would be in person.

IT IS FURTHER ORDERED that Petitioner is GRANTED leave to file a motion for contempt sanctions against Respondent, including but not limited to prohibiting Respondent from contesting ownership of certain assets that Petitioner seeks. Further briefing shall be submitted on the schedule set forth in Local Rule 6.1(b).

On or before December 16, 2021, Counsel for Petitioner is directed to serve this Order on Respondent and to file proof of service on the docket.

IT IS FURTHER ORDERED that Petitioner's pre-motion letter seeking leave to move to compel discovery responses from four non-parties [ECF No. 91] is DENIED without prejudice. Petitioner may re-file its pre-motion letter with a certification that Petitioner, in good faith, attempted to confer with the four non-parties on their non-compliance with Petitioner's subpoenas and has served the non-parties with the December 10, 2021 letter to the Court.

IT IS FURTHER OTDERED that Respondent is directed to show cause, in writing, on or before December 22, 2021, explaining why the Court should not sanction Respondent for its failure to appear at the status conference held on December 7, 2021 and for its non-compliance with the Court's Order dated August 2, 2021 [ECF No. 73].

**<u>RESPONDENT HAS BEEN REPEATEDLY ADMONISHED THAT FAILURE TO COMPLY WITH ORDERS OF THE COURT, INCLUDING THIS ORDER, AND WITH DISCOVERY DEMANDS, MAY RESULT IN SANCTIONS.</u>**

The Clerk of Court is respectfully requested to terminate docket entries 68, 77, and 91.

**SO ORDERED.**

Date: **December 13, 2021**  
New York, NY

*Mary Kay Vyskocil*  
**MARY KAY VYSKOCIL**  
**United States District Judge**