USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/1/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MAJOR LEAGUE BASEBALL PROPERTIES, INC., <br><br> Petitioner, <br><br> -against- <br><br> CORPORACIÓN DE TELEVISIÓN Y MICROONDA RAFA, S.A., <br><br> Respondent. | 1:19-cv-08669-MKV <br><br> OPINION AND ORDER GRANTING IN PART MOTION FOR SANCTIONS AND GRANTING LETTER REQUEST TO COMPEL DEPOSITION |

MARY KAY VYSKOCIL, United States District Judge:

In September 2020, the Court entered judgment against Respondent and Judgment Debtor Corporación de Televisión y Microonda Rafa, S.A. ("Telemicro" or "Respondent"), confirming an arbitration award in favor of Petitioner Major League Baseball Properties, Inc. ("MLB Properties" or "Petitioner") in the amount of $6,012,463.97, plus post-judgment interest and certain attorneys' fees (the "Judgment"). [ECF Nos. 37, 38]. More than a year later, Telemicro repeatedly continues to impede the efforts of MLB Properties to effectuate post-judgment discovery and satisfy the Judgment.

Pending before the Court is MLB Properties' motion for sanctions against Telemicro and its executives Juan Ramón Gómez Díaz, Francisco S. Duran Gonzalez and Marco A. Herrera Beato. [ECF No. 95].[1] In support of its motion, MLB Properties submits the declaration of Joseph M. Klazen, counsel for MLB Properties, ("Klazen Decl." [ECF No. 97]), and a memorandum of law (Pet. Br. [ECF No. 96]). MLB Properties served its motion and supporting

---

[1] In the same motion, MLB Properties sought an order compelling Telemicro, its affiliate Telemicro International Holding Corp. ("TIHC") and TIHC's manager, Mayerlin Rosario, to produce all documents and information responsive to MLB's post-judgment subpoenas within 14 days, and to appear for depositions within 21 days thereafter. [ECF No. 95]. The Court granted this portion of the motion, but deferred ruling on the motion for sanctions. [ECF No. 109].

1

submissions on Telemicro [ECF Nos. 99, 101], but Telemicro has not filed any opposition to the motion.[2] MLB Properties also requests that the Court order Telemicro's affiliate, Telemicro International Holding Corp. ("TIHC"), to produce Maribeth Gomez for a deposition as its corporate representative and for TIHC to pay MLB Properties' reasonable expenses attributable to the additional TIHC deposition. [ECF No. 114].

## BACKGROUND

### I. The Parties

MLB Properties is a licensee of, and acts as, licensing agent for the Office of the Commissioner of Baseball and the thirty Major League Baseball Clubs with respect to the registration, protection and enforcement of rights in the trademarks and other intellectual property held by those entities. (Partial Final Award [ECF No. 5-3] ¶ 1). Telemicro is a media provider in the Dominican Republic. (Partial Final Award ¶ 2). Telemicro is owned by Juan Ramón Gómez Díaz, who is also its Executive Chairman. (Klazen Decl. Ex. 1 ("Mallelyn Gomez Tr.")[3] 22:8–10, 105:22–24; Klazen Decl. Ex. 3B at 21 (reflecting Mr. Díaz as Telemicro's Executive Chairman)). Telemicro distributes its television programming outside the Dominican Republic, including in the United States, through its affiliate TIHC. (*See* Mallelyn Gomez Tr. at 63:1–4).

### II. Procedural History

MLB Properties brought this case by filing a Petition to Confirm an Arbitration Award against Telemicro. [ECF No. 1]. After Telemicro failed to appear for several months [ECF Nos.

---

[2] On January 3, 2022, the Court received a letter from what purports to be the legal counsel for Telemicro. [ECF No. 100]. Although counsel has not appeared in this case, the Court has considered the contents of the letter.

[3] Mallelyn Gomez was TIHC's Administrator from 2015 to 2019. (Mallelyn Gomez Tr. 13:14–17). She was deposed on October 13, 2021.

12, 14], at Petitioner's request, the Clerk of Court entered a certificate of default against Telemicro. [ECF No. 17]. It was not until MLB Properties filed a letter indicating its intent to move for summary judgment against the non-appearing Respondent, that Telemicro appeared to contest that motion. [ECF Nos. 19–22]. After review of the parties' briefing on Petitioner's Motion for Summary Judgment, the Court entered an Opinion and Order granting the motion of MLB Properties for summary judgment, confirming the Arbitration Award and entering judgment in its favor. [ECF Nos. 37, 38].

Telemicro timely appealed [ECF No. 42], but that appeal has since been dismissed because Telemicro failed to hire counsel and, as a corporation, could not proceed *pro se*. *See* Order Dismissing Appeal, Dkt. No. 113, *Major League Baseball Properties, Inc. v. Corporacion de Television y Microonda Rafa*, No. 20-3503 (2d Cir. Jan. 6, 2022).

### III. Telemicro's Failure To Comply With Post-Judgment Discovery

#### A. November 2020 Subpoenas For Information, Documents And Depositions

After summary judgment was entered, confirming the Arbitration Award, on November 5, 2020, MLB Properties served on Telemicro subpoenas for information, documents and a deposition. (*See* Klazen Decl. ¶ 10); [*see also* ECF No. 68-1]. Through these subpoenas, MLB Properties sought information and documents about Telemicro's assets, focusing on those held outside the Dominican Republic. [ECF No. 68-1]. A month later, Telemicro served an affidavit that responded to only some of the questions in the information subpoena. (*See* Klazen Decl. ¶ 11); [*see also* ECF No. 68-2]. Subsequently, Telemicro served responses and objections to the document subpoena, in which Telemicro objected to each request on the grounds that it seeks information that is purportedly "not relevant" and "relating to assets held outside the United States." (*See* Klazen Decl. ¶ 12); [ECF No. 68-3]. Telemicro refused to produce any documents

3

or other information about its assets outside the United States.  (*See* Klazen Decl. ¶ 12); [ECF No. 68-3].

In response, MLB Properties requested a telephonic meet-and-confer, which the parties' counsel conducted.  (*See* Klazen Decl. ¶ 13); [ECF No. 68-4].  During the call, Telemicro took the position that it is not legally required to produce any documents or information about assets located outside the United States.  (*See* Klazen Decl. ¶ 13); [ECF No. 68-4].  MLB Properties informed Telemicro that its position had no legal basis and invited Telemicro to change its position.  (*See* Klazen Decl. ¶ 13); [ECF No. 68-4].  Telemicro's counsel indicated that it would confer with its client on several other issues and get back to MLB Properties.  (*See* Klazen Decl. ¶ 13); [ECF No. 68-4].

More than two months later, Telemicro served amended responses and objections to the document subpoena.  (*See* Klazen Decl. ¶ 14); [ECF No. 68-5].  Telemicro continued to object to requests for information about assets held outside the United States and refused to produce any documents in response to those requests.  (*See* Klazen Decl. ¶ 14); [ECF No. 68-5].

B.  *February 2021 Subpoenas For Information And Documents*

In February 2021, MLB served on Telemicro a second set of subpoenas for information and documents.  (*See* Klazen Decl. ¶ 15); [ECF No. 68-6].  These subpoenas focused primarily on information concerning assets of Telemicro within the Dominican Republic.  Telemicro did not timely respond to this set of subpoenas.

After several months passed with no response, MLB wrote to Telemicro to confirm whether Telemicro was standing on its objections and refusing to produce additional information in response to the November 2020 subpoenas, and to inquire about Telemicro's lack of response to the February 2021 subpoenas.  (*See* Klazen Decl. ¶ 18); [ECF No. 68-7].  Telemicro confirmed

that it was standing on its objections as to the first set of subpoenas and indicated that it would respond to the second round of subpoenas within two weeks.  (*See* Klazen Decl. ¶ 19); [ECF No. 68-8].  Once it did respond, Telemicro again objected that each request sought information that is purportedly "not relevant" and "seeks information relating to assets held outside the United States" and responded that "[s]ubject to and without waiving the foregoing objections, Telemicro is not producing any documents."  (*See* Klazen Decl. ¶¶ 16, 17); [ECF Nos. 68-9, 68-10].

Thereafter, the parties conducted another meet-and-confer.  After MLB reiterated its position that Telemicro's objections were frivolous and said that it would ask the Court for an order to compel, Telemicro's counsel asked for more time to consult with its client, to which MLB Properties agreed.  [ECF No. 68].  Several days later, in anticipation that Telemicro would continue to stand on its objections, MLB sent Telemicro's counsel a draft joint pre-motion letter regarding the discovery dispute.  [ECF No. 68].  Telemicro's then-counsel, Yankwitt LLP and the Law Offices of Jordan D. Becker, responded that they would be moving to withdraw as counsel, which they subsequently did.  [ECF No. 66].

    C.  *Withdrawal Of Telemicro's Counsel And Telemicro's Failure To Comply With Court's Order To Retain Substitute Counsel*

On August 2, 2021, the Court granted the motion of Yankwitt LLP and the Law Offices of Jordan D. Becker to withdraw as counsel to Telemicro.  [ECF No. 73].  In that Order, the Court noted that Telemicro, as a corporation, could not proceed *pro se* and ordered Telemicro to retain substitute counsel by August 16, 2021.  The Court directed that substitute counsel file a letter responding to MLB Properties' pre-motion letter in connection with its anticipated motion to compel (*i.e.*, ECF No. 68).  [ECF No. 73].  The Court warned, in all-capital, bold, underlined text, that "**<u>FAILURE TO COMPLY WITH THIS ORDER AND THE DEADLINES HEREIN MAY RESULT IN SANCTIONS, INCLUDING RESPONDENT BEING HELD</u>**

5

**IN CONTEMPT.**" [ECF No. 73].  No substitute counsel for Telemicro has appeared or otherwise responded to MLB Properties' pre-motion letter.

When Telemicro failed to appear by substitute counsel, Petitioner filed a letter requesting that the Court (1) order Telemicro to appear through one or more appropriate representatives — specifically, Marco A. Herrera Beato or Francisco S. Duran Gonzalez, who instructed former counsel in its representation of Telemicro — for a show cause hearing on why sanctions should not be imposed for noncompliance with the Court's August 2, 2021 Order and (2) to compel Telemicro to comply with Petitioner's discovery demands as described in its pre-motion letter. [ECF No. 77].  Telemicro did not oppose or otherwise acknowledge this application.

While this request was pending, MLB Properties served a third set of subpoenas on Telemicro requesting additional information and documents, focusing on the corporate and business relationship between Telemicro and its affiliate, TIHC.  (*See* Klazen Decl. Ex. 8).  Telemicro did not provide any response or otherwise acknowledge this set of subpoenas.

On October 28, 2021, the Court entered an Order granting MLB Properties leave to register the Judgment in other U.S. District Courts during the pendency of the appeal from judgment.  [ECF No. 83].  The Court also ordered MLB Properties and Telemicro (through Mr. Beato or Mr. Gonzalez) to appear for a conference on December 7, 2021, later rescheduled to December 13, 2021.  [ECF Nos. 83, 86].  The Court again warned, in all capital, bold, underlined text, that "**FAILURE TO COMPLY WITH THIS ORDER AND THE DEADLINES HEREIN MAY RESULT IN SANCTIONS, INCLUDING RESPONDENT BEING HELD IN CONTEMPT.**"  [ECF No. 83].

6

Telemicro failed to make an appearance at the December 13, 2021 status conference.[4] That same day, the Court ordered Telemicro to show cause in writing before December 22, 2021, explaining why it should not be sanctioned for its failure to appear at the status conference, and admonishing, in all capital, bold, underlined text that "**<u>RESPONDENT HAS BEEN REPEATEDLY ADMONISHED THAT FAILURE TO COMPLY WITH ORDERS OF THE COURT, INCLUDING THIS ORDER, AND WITH DISCOVERY DEMANDS, MAY RESULT IN SANCTIONS.</u>**" [ECF No. 92]. Telemicro failed to respond to the December 13 show-cause order.

### D. Subpoenas On TIHC And Mayerlin Rosario

At the same time that Telemicro was disregarding its post-judgement discovery obligations, MLB Properties was also trying to obtain discovery from TIHC. On December 1, 2020, MLB Properties served TIHC with a subpoena seeking information, documents, and testimony regarding Telemicro's assets. (*See* Klazen Decl. Ex. 9). MLB Properties followed up on the subpoena several times through communications with counsel for Maribeth Gomez, the owner of TIHC, on whom MLB Properties had also separately served a subpoena. (*See* Klazen Decl. Exs. 10, 11, 12). On August 17, 2021, TIHC sent a set of responses to MLB Properties' information subpoena, signed by Mayerlin Rosario, described as TIHC's "manager." (*See* Klazen Decl. Ex. 13). However, TIHC produced no documents in response to the document subpoena. Several days later, Ms. Rosario replied by email to MLB Properties, transmitting amended responses to the information subpoena, but again ignoring the document requests. (*See* Klazen Decl. Exs. 14, 15).

---

[4] After the hearing, the Court learned that an individual purporting to work for Respondent contacted the Court's chambers by telephone at 11:05 AM, after the hearing was already in session. The Court's Order dated October 28, 2021 that was served on Respondent on November 8, 2021, over a month before the scheduled hearing, made clear that the hearing would be in person. [ECF No. 92].

7

On September 20, 2021, MLB served a separate subpoena on Mayerlin Rosario individually, seeking information, documents, and a deposition (Klazen Decl. Ex. 17). Ms. Rosario failed to respond to the subpoena. MLB Properties subsequently filed a letter motion seeking permission to file a motion to compel. [ECF No. 77]. After MLB Properties filed that letter, Ms. Rosario's counsel informed MLB Properties that she would not be appearing for her deposition as noticed. (Klazen Decl. Ex. 18). MLB Properties responded that it planned to proceed with the deposition unless Ms. Rosario provided alternative deposition dates within the following two weeks. (Klazen Decl. Ex. 18). She did not provide alternative dates and did not appear for her deposition on the scheduled date. (Klazen Decl. Ex. 18).

Throughout November and December 2021, TIHC advised MLB Properties that it would be producing documents "as soon as possible." [ECF No. 88-1]. MLB Properties represents that neither TIHC nor Ms. Rosario produced any documents or otherwise formally responded to the subpoenas. (Pet. Br. 11).

As a result, MLB Properties sought [ECF No. 88] and was granted [ECF No. 90] leave to file a motion to compel. The day after MLB Properties filed its request to file a motion to compel, TIHC advised MLB Properties that it was "a small company with minimal resources and minimal understanding of the requests that were made by MLB," but that it would "make every effort to reply before the December 8th, 2021 date . . ." (Klazen Decl. Ex. 18). TIHC also set forth in its email, its unsworn "initial responses" to the five document categories that MLB Properties had identified as a priority, stating merely that TIHC had no responsive documents. (Klazen Decl. Ex. 18). MLB Properties advised TIHC that its answers were unsatisfactory. (Klazen Decl. Ex. 18). In addition to the fact that TIHC had been dilatory in responding to the requests of MLB Properties and that its responses were not sworn, MLB Properties also stated

8

that TIHC's representations were contradicted by evidence MLB Properties had collected including records from third-party financial institutions indicating that money flows between Telemicro and TIHC (Klazen Decl. Ex. 16) and testimony from Ms. Gomez that TIHC made payments to Telemicro under a contract between the two entities (Mallelyn Gomez Tr. 118:13–119:10).

On January 6, 2022, after MLB Properties had filed its motion to compel discovery, TIHC and Ms. Rosario filed a "notice of compliance with subpoena" representing that TIHC and Ms. Rosario had "served unverified responses to the informational subpoenas" issued by MLB Properties. [ECF No. 102]. However, MLB Properties represented that these answers were incomplete and were contradicted by other evidence MLB Properties had collected. [ECF No. 106].

> E. The Court Orders Telemicro, TIHC, and Ms. Rosario To Produce All Documents Responsive To MLB Properties' Post-Judgment Subpoenas And To Appear For Depositions

On February 15, 2022, the Court granted the motion of MLB Properties to compel Telemicro, TIHC, and Ms. Rosario to produce all documents and information responsive to MLB Properties' post-judgment subpoenas within 14 days, and to appear for depositions within 21 days thereafter. [ECF No. 109]. The Court deferred ruling on the motion of MLB Properties to sanction Telemicro and its executives. [ECF No. 109]. The Court admonished Telemicro, in all capital, bold, underlined text, that "**RESPONDENT HAS BEEN REPEATEDLY ADMONISHED THAT FAILURE TO COMPLY WITH ORDERS OF THE COURT, INCLUDING THIS ORDER, AND WITH DISCOVERY DEMANDS, MAY RESULT IN SANCTIONS. RESPONDENT IS ADMONISHED THAT FAILURE TO COMPLY WITH THIS COURT ORDER WILL RESULT IN SANCTIONS.**" [ECF No. 109].

On March 14, 2022, MLB Properties advised the Court that Telemicro did not timely produce, and to date has still not produced, any responses to MLB Properties' discovery requests. [ECF No. 113]. MLB Properties also represented that it had received no new discovery responses from TIHC or Ms. Rosario after the Court's order, but that TIHC advised that it would produce Ms. Rosario for a deposition. [ECF No. 113].

On March 22, 2022, Ms. Rosario appeared for a deposition as a corporate representative for TIHC. [ECF No. 114]; (*See* Mayerlin Rosario Tr. [ECF No. 114-2]). However, Ms. Rosario repeatedly testified that she was not prepared for the deposition, (Mayerlin Rosario Tr. 52:2–54:12, 58:15–60:10), and that Maribeth Gomez, whom Ms. Rosario testified was the owner of TIHC, would be the better person to answer the questions of MLB Properties (Mayerlin Rosario Tr. 20:3–7, 94:21–95:2, 106:19–23). After the deposition, and well after the deadline set in the Court's February 15, 2022 order, TIHC produced responsive documents to MLB Properties. [ECF No. 114-1 at 8].

After the deposition, MLB Properties requested that TIHC produce Maribeth Gomez as TIHC's corporate representative. [*See* 114-1 at 2-4, 6]. TIHC however refused to produce Maribeth Gomez as TIHC's corporate representative because it asserted that such a request was "premature." [*See* 114-1 at 2].

## DISCUSSION

### I.  Evidentiary Sanctions Against Telemicro

MLB Properties asks that the Court impose evidentiary sanctions on Telemicro, precluding it from offering any evidence concerning its assets or potential alter-ego or nominee relationships in opposition to post-judgment enforcement activities by MLB Properties unless

10

Telemicro shows that it fully complied with the Court's prior discovery Order that Telemicro produce all responsive documents. [ECF No. 95].

Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure provides that

> If a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
>
> . . .
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence . . . .

The Court has broad discretion in imposing sanctions under Rule 37. *S. New England Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 144 (2d Cir. 2010). Disciplinary sanctions under Rule 37 serve three purposes:

> First, they ensure that a party will not benefit from its own failure to comply. Second, they are specific deterrents and seek to obtain compliance with the particular order issued. Third, they are intended to serve a general deterrent effect on the case at hand and on other litigation, provided that the party against whom they are imposed was in some sense at fault.

*Id.* at 149 (quoting *Update Art, Inc. v. Modiin Pub., Ltd.*, 843 F.2d 67, 71 (2d Cir. 1988)). In determining whether to impose a sanction under Rule 37(b)(2) for noncompliance with a court order and what sanction to impose, district courts in the Second Circuit consider four non-exhaustive factors: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance[;] and (4) whether the non–compliant party had been warned of the consequences of noncompliance." *Funk v. Belneftekhim*, 861 F.3d 354, 366 (2d Cir. 2017) (quoting *S. New Eng. Tel. Co.*, 624 F.3d at 144 (internal quotation marks omitted)).

Having considered the full record and presided over MLB's exhaustive efforts to obtain post-judgment discovery, the Court finds that Telemicro should be precluded from offering any evidence concerning its assets or potential alter-ego or nominee relationships in opposition to post-judgment enforcement activities by MLB Properties. For the past year and a half, Telemicro has willfully and repeatedly disregarded its post-judgment discovery obligations and been entirely contemptuous of Court orders. MLB Properties first served its subpoenas for information, documents and a deposition in November 2020. (*See* Klazen Decl. ¶ 10); [*see also* ECF No. 68-1]. Since then, MLB Properties has served two more sets of subpoenas (*See* Klazen Decl. ¶ 15, Ex. 8); [ECF No. 68-6] which Telemicro has ignored. Telemicro has also disregarded this Court's orders throughout this whole process, including the Court's August 2, 2021 Order to retain substitute counsel by August 16, 2021 [ECF No. 73], the Court's order for Telemicro (through Mr. Beato or Mr. Gonzalez) to appear for a conference on December 13, 2021 [ECF Nos. 83, 86], and the Court's February 15, 2022 Order compelling Telemicro to produce all documents and information responsive to MLB Properties' post-judgment subpoenas within 14 days of that order, and to appear for depositions within 21 days thereafter [ECF No. 109]. Each time, the Court repeatedly admonished Telemicro, in all capital, bold, underlined text, that a failure to comply with the Court's orders may result in sanctions. [ECF Nos. 73, 83, 109].

"Although an order . . . precluding a party from presenting evidence in opposition to it is strong medicine, such orders are necessary on appropriate occasion to enforce compliance with the discovery rules and maintain a credible deterrent to potential violators." *Daval Steel Prod., a Div. of Francosteel Corp. v. M/V Fakredine*, 951 F.2d 1357, 1367 (2d Cir. 1991). Telemicro's complete disregard of its discovery obligations and its flouting of this Court's Orders warrants such medicine here. Moreover, the Court has considered monetary sanctions, but has determined

that they would not be effective since the very issue here is the collection of a judgment confirming an Arbitration Award.

On January 3, 2022, the Court received a letter from what purports to be the legal counsel for Telemicro. [ECF No. 100]. In that letter, counsel contends that Telemicro did not appear at the December 13, 2021 conference because it believed that the conference would be telephonic or virtual. [ECF No. 100]. This argument is bellied by the Order scheduling the conference, which specified that the conference would be held "in Courtroom 18C of the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, New York." [ECF No. 83]. Moreover, this order was entered on October 28, 2021, almost a month and a half before the December 13, 2021 conference. Not until five minutes *after* the December 13 conference began did the Court receive any communication from Telemicro. [ECF No. 92]. As for its noncompliance with the Court's Order to retain substitute counsel by August 16, 2021, Telemicro represents that it is still attempting to do so. [ECF No. 100]. However, the Court finds it implausible that Telemicro has been diligently working to hire substitute counsel when it was ordered to do so over a year ago.

Accordingly, MLB Properties' Motion for Sanctions is granted to the extent that it seeks that Telemicro be precluded from offering any evidence concerning its assets or potential alter-ego or nominee relationships in opposition to post-judgment enforcement activities by MLB Properties. As requested by MLB Properties, the Court will give Telemicro one final opportunity to provide discovery MLB Properties has been seeking for almost two years in aid of enforcement of the judgment in this case. The Award will become final in two weeks if Telemicro does not comply with the Court's February 15, 2022 Order that it produce all responsive documents.

**THIS IS TELEMICRO'S FINAL WARNING.  SHOULD RESPONDENTS FAIL TO PRODUCE ALL RESPONSIVE DOCUMENTS BY SEPTEMBER 15, 2022, TELEMICRO IS PRECLUDED FROM OFFERING ANY EVIDENCE CONCERNING ITS ASSETS OR POTENTIAL ALTER-EGO OR NOMINEE RELATIONSHIPS IN OPPOSITION TO POST-JUDGMENT ENFORCEMENT ACTIVITIES BY MLB PROPERTIES.  NO EXTENSIONS WILL BE GRANTED.**

  II. **A Contempt Order For Telemicro And Its Executives**

  MLB Properties also seeks an order holding Telemicro and its executives in contempt for disobeying the three subpoenas served on it.  [ECF No. 95].  MLB Properties requests monetary sanctions in the amount of: (1) MLB Properties' reasonable expenses incurred in making this motion, and (2) $1,000 a day for Telemicro and $500 a day for its executives for each day that Telemicro fails to comply with (i) the August 2, 2021 Order to obtain substitute counsel and (ii) the Court's Order compelling production of documents.  [ECF No. 95].

  At the same time, MLB Properties concedes that such monetary sanctions would serve no purpose.  It represents that any order requiring Telemicro to pay reasonable attorneys' fees "would do little to address the prejudice that MLB has suffered" because MLB Properties would "have to spend yet further resources on making submissions to the Court about the legal fees it has incurred only to end up with a fee award that Telemicro would then refuse to pay anyway, just as it has refused to pay any part of the Judgment."  (Pet. Br. 18–19).  Moreover, MLB Properties contends that any monetary penalties imposed on Telemicro are "unlikely to carry any coercive weight" because "Telemicro already owes a Judgment that exceeds $6 million, and MLB has spent the past fifteen months attempting to enforce it."  (Pet. Br. 20).  As MLB Properties itself states, "[n]ominally increasing the amount Telemicro already owes is

unlikely to be effective against [it]." (Pet. Br. 20). Last, MLB Properties contends that even if Telemicro did appear in response to an order for sanctions, given Telemicro's history, "neither MLB nor the Court can have confidence that any future production by Telemicro would not be a perfunctory and token act to create the illusion of compliance despite withholding the key responsive information." (Pet. Br. 21).

Given MLB Properties' own representations that imposition of any monetary sanctions would be futile and would result in a waste of judicial resources, the Court declines to grant such relief.

### III. Request To Compel Production Of Maribeth Gomez As TIHC's Corporate Representative

In light of the failure of TIHC to timely comply with the Court's February 15 Order directing it to produce all documents and information responsive to MLB Properties' post-judgment subpoenas by March 1, 2022 and TIHC's failure to properly prepare Ms. Rosario for her deposition, MLB Properties requests that the Court compel TIHC to produce Maribeth Gomez for a deposition as its corporate representative and require TIHC to pay MLB Properties' costs and fees, including reasonable attorneys' fees, attributable to this discovery dispute. [ECF No. 114].

First, based on Ms. Rosario's representations that Maribeth Gomez is the owner of TIHC and that she would be the better person to answer the questions posed by MLB Properties with respect to its efforts to locate assets in connection with enforcement of the Court's judgment (Mayerlin Rosario Tr. 20:3–7, 94:21–95:2, 106:19–23), there is ample reason for Ms. Gomez to sit for a deposition in this matter. Accordingly, the Court grants the request of MLB Properties for an order compelling TIHC to produce Maribeth Gomez for a deposition as its corporate representative. Any such deposition must occur within thirty days of this order.

A monetary sanction is also warranted here, where TIHC did not comply with the Court's orders and failed to timely produce discovery materials to MLB Properties. Under Rule 37(b)(2)(C) for the Federal Rules, the Court "must" award "reasonable expenses, including attorney's fees caused by the failure" to comply with court orders under Rule 37(a), "unless the failure was substantially justified or other circumstances make an award of expenses unjust." TIHC contends that its failure to timely produce all documents and information responsive to MLB Properties' post-judgment subpoenas was because Ms. Rosario was out of the country until March 3, 2022 — after the Court's imposed deadline. [ECF No. 116]. TIHC offers no explanation of why another individual employed by TIHC was unable to respond to MLB Properties' post-judgment subpoenas, which had been outstanding for well over a year, or why responsive materials still have not been turned over as ordered. (*See* Klazen Decl. Exs. 9–12). TIHC also claims that it offered to produce Ms. Rosario at a later date — after the Court's imposed deadline — to allow MLB Properties more time to review TIHC's discovery responses produced on March 22, 2022. [ECF No. 116]. However, the Court ordered TIHC to produce these documents by March 1, 2022 and to produce Ms. Rosario for a deposition by March 22, 2022. [ECF No. 109]. The burden was on TIHC to comply with the Court's order in a timely manner. Moreover, Ms. Rosario had already missed a scheduled deposition with MLB Properties and TIHC's behavior merely evinced its intent to further delay discovery in this case. (Klazen Decl. Ex. 18). Accordingly, the Court finds that TIHC has not shown that its failure to comply with the Court's Order [ECF No. 109] was substantially justified. TIHC is ordered to pay MLB Properties' reasonable expenses, including MLB Properties' attorney's fees caused by its failure to comply with court orders under Rule 37(a).

## **CONCLUSION**

The Motion of MLB Properties for sanctions against Telemicro and its executives is GRANTED in part and DENIED in part.  MLB Properties' motion for sanctions against Telemicro is denied to the extent that MLB Properties seeks that Telemicro and its executives be held in contempt or pay monetary penalties.  MLB Properties motion for sanctions against Telemicro is granted conditionally to the extent that MLB Properties seeks an order that Telemicro be precluded from offering any evidence concerning its assets or potential alter-ego or nominee relationships in opposition to post-judgment enforcement activities by MLB Properties (the "Preclusion Sanction").  The Preclusion Sanction will become final on September 15, 2022, only in the event that Telemicro fails to produce all responsive documents to MLB Properties' post-judgment subpoenas on or before that date.

The request of MLB Properties for an order compelling TIHC to produce Maribeth Gomez for a deposition as its corporate representative is GRANTED.  TIHC shall appear for an additional deposition by Maribeth Gomez as its corporate representative within thirty days of this order.  TIHC shall also pay MLB Properties' reasonable expenses that are attributable to the additional deposition of TIHC (through Maribeth Gomez as its corporate representative), including for time spent seeking and taking this additional deposition.  MLB Properties shall submit documentation establishing such expenses within 30 days of the Gomez deposition.

The Clerk of Court is respectfully requested to terminate docket entry 95.

**SO ORDERED.**

Date:  September 1, 2022*Mary Kay Vyskocil*
New York, NY**MARY KAY VYSKOCIL**
**United States District Judge**