**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

MAJOR LEAGUE BASEBALL
PROPERTIES, INC.

Petitioner/Judgment Creditor,

v.

CORPORACIÓN DE TELEVISIÓN Y
MICROONDA RAFA, S.A.

Respondent/Judgment Debtor

---

Case No. 1:19-cv-08669 (MKV)

**INFORMATION SUBPOENA &**
**SUBPOENA DUCES TECUM**

**To:    TD Bank, N.A.**

WHEREAS, in the above-captioned action between the parties listed above, Case No. 1:19-cv-08669-MKV (Assigned Judge-Hon. Mary Kay Vyskocil), a Judgment was entered on September 14, 2020, in the Office of United States District Court Southern District of New York Clerk, in favor of said Judgment Creditor and against said Judgment Debtor in the liquidated amount of $6,012,463.97 plus (1) post-judgment interest, pursuant to 28 U.S.C. § 1961, accruing thereafter through the date of payment; and (2) under the terms of the Final Award, reasonable attorneys' fees and expenses incurred by Petitioner associated with the collection and enforcement of this Judgment.

### INFORMATION SUBPOENA

**YOU ARE HEREBY COMMANDED**, in accordance with Rules 45 and 69 of the Federal Rules of Civil Procedure and subdivision (a)(3) of § 5224 of the New York Civil Practice Law and Rules as made applicable thereby, to answer in writing under oath, separately and fully, each question in the questionnaire accompanying this Subpoena as Schedule A, with each answer referring to the question to which it responds, and to return your answers by email to the undersigned counsel together with the original of the questions within seven (7) days after your receipt of the questions and this Subpoena.

### SUBPOENA DUCES TECUM

**YOU ARE FURTHER COMMANDED**, in accordance with Rules 45 and 69 of the Federal Rules of Civil Procedure and subdivision (a)(2) of § 5224 of the New York Civil Practice Law and Rules, as made applicable thereby, to produce for examination at the offices of Kobre & Kim LLP, located at 800 Third Avenue, New York, New York 10022, with copy sent by email to the undersigned counsel, no later than ten (10) days after your receipt of this subpoena all

documents referenced in the requests accompanying this Subpoena as Schedule B that are in your possession, custody, or control, within or without the state.

**TAKE NOTICE THAT FAILURE TO COMPLY WITH THIS SUBPOENA MAY SUBJECT YOU TO FINE AND IMPRISONMENT FOR CONTEMPT OF COURT. NON-COMPLIANCE WITH THE SUBPOENA SHALL FIRST SUBJECT YOU TO THE PENALTIES UNDER CPLR 2308(b).**

Dated:        25 October 2022

Leif T. Simonson
Scott Nielson
Victor S. Leung
KOBRE & KIM LLP
800 Third Avenue
New York, NY 10022
leif.simonson@kobrekim.com
scott.nielson@kobrekim.com
victor.leung@kobrekim.com
Tel: +1 646 988 6694

*Attorneys for Judgment Creditor*

2

**Schedule A: Questionnaire**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

MAJOR LEAGUE BASEBALL
PROPERTIES, INC.

                Petitioner,

    v.

CORPORACIÓN DE TELEVISIÓN Y
MICROONDA RAFA, S.A.

              Respondent.

---

Case No. 1:19-cv-08669 (MKV)

**QUESTIONS AND ANSWERS IN**
**CONNECTION WITH**
**INFORMATION SUBPOENA**

TO:           TD Bank, N.A.

ADDRESS:      101 Haddonfield Rd, Cherry Hill, NJ 08002-4498

STATE OF NEW YORK       )
                         ) SS.:
COUNTY OF _____    )

_____, being duly sworn deposes and says; that deponent is the _____ of _____, the recipient of an information subpoena herein and of the original and a copy of questions accompanying said subpoena. The answers set forth below are made from information obtained from the records of the recipient.

1

**IMPORTANT:** The term "Telemicro" as used in the questions below means Corporación de Televisión y Microonda Rafa, S.A, along with any of its predecessors, successors, assigns, employees, agents, attorneys, and any and all persons acting on behalf of any of them, as well as to any individual or entity under their direction or control or from which they have the right or the practical ability to obtain information, records, or documents of any kind. Because Corporación de Televisión y Microonda Rafa, S.A., is understood to do business under the trade name Telemicro or through its affiliated entities Telemicro International Holding Corp. and Telemicro International Holding, LLC, all references to "Telemicro" shall be construed to include any entity doing business under the name "Telemicro" or any permutation thereof, including but not limited to "Telemicro International Holding Corp.," "Telemicro International Holding, LLC," and "Telemicro Internacional.".

Q. No. 1     Do you have a record or knowledge of any account(s) at TD Bank, N.A. in which **Telemicro** may have an interest?

Answer 1

Q. No. 2     For each account identified in response to Question No. 1 above, identify the name and type of the account, the names and addresses of the account holders or owners, the account number, the amount on deposit as of the date of your response to this Subpoena, the date the account was opened, and the date the account was closed (if applicable).

Answer 2

Q. No. 3     For each account identified in response to Question No. 1 above, provide the names and any other information (including, without limitation, contact information and dates of birth) for all authorized signers and beneficiaries.

Answer 3

Q. No. 4     For each account identified in response to Question No. 1 above, identify the date(s) and source account(s) of any deposit in excess of $10,000.00.

Answer 4

2

Q. No. 5     For each account identified in response to Question No. 1 above, list all "know your customer" information you possess regarding the account holders and owners, authorized signers, and beneficiaries.

Answer 5

_____
Signature - Print or type name beneath

Sworn to before me this _____ day

of _____, _____

_____
Notary Public

*Return by email, with hard copy by mail, to: Attorneys for Judgment Creditor:*

Leif T. Simonson
Scott Nielson
Victor S. Leung
leif.simonson@kobrekim.com
scott.nielson@kobrekim.com
victor.leung@kobrekim.com

*Post Office Address:*

Kobre & Kim LLP
800 Third Ave
New York, NY 10022

3

**Schedule B: Document Requests**

## SCHEDULE B

### Definitions

1.      **"You"** and **"Your"** refer to TD Bank, N.A., along with any of its branches, predecessors, successors, assigns, managers, officers, directors, employees, agents, attorneys, and any and all persons acting on behalf of any of them, as well as to any subsidiary or affiliate under its direction or control or from which it has the right or the practical ability to obtain information, records, or documents of any kind.

2.      **"Communication(s)"** means any transmittal of information in the form of facts, ideas, inquiries, or otherwise. A document request for communications calls for production of correspondence, faxes, electronic mail, all attachments and enclosures thereto, computer tapes, discs, telephone tape recordings, text messages, recordings of any other type in any medium of written or oral communications, phone logs, message logs, and notes and memoranda of, or referring or relating to, written or oral communications.

3.      **"Concerning"** means directly or indirectly, in whole or in part, constituting, evidencing, recording, reflecting, substantiating, describing, summarizing, identifying, or referring or relating to in any way.

4.      **"Document(s)"** means all recorded words, information, communications, or data of any kind, however created, recorded, stored, or maintained, and includes, without limitation, all drafts; communications; correspondence; memoranda; records; reports; books; reports and/or summaries of conversations or interviews; diaries; graphs; charts; diagrams; tables; photographs; recordings; tapes; microfilms; minutes; summaries, reports, and records of meetings or conferences; records and reports of consultants; press releases; stenographic, handwritten, or other notes; checks, front and back; check vouchers, check stubs, or receipts; wire transfer requests,

1

approvals, orders, and confirmations; tape data sheets or data processing cards or discs or any other written, printed, typewritten, or otherwise recorded matter, however produced or reproduced, whether or not now in existence; any paper or writing including files, contracts, correspondence, telegrams, agreements, letters, notes, manuals, forms, brochures, drawings, and other data or data compilation of any sort, stored in any medium from which information can be obtained either directly or, if necessary, after translation into a reasonably usable form; Electronically Stored Information (as defined below); internal or external web sites; output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs, outlines, electronic mail, instant messages, and all miscellaneous media on which they reside and regardless whether said electronic data exists in an active file, an archive file, a deleted file, or file fragment; activity listings of electronic mail receipts and transmittals; any and all items stored on computer memories, flash drives, hard disks, floppy disks, CD-ROM, DVD, magnetic tape, microfiche, or on any other media for digital data storage or transmittal such as, but not limited to, any mobile device or personal digital assistant; and file folder tabs, or containers and labels appended to, or relating to, any physical storage device associated with each original or copy of all documents requested herein. A draft or non-identical copy of any document, whether due to the addition of marginalia or other change, is a separate document within the meaning of this term. Where the electronic and hard copy versions of any document are separate documents per this definition, both the electronic and hard copy versions should be produced.

5. **"Electronically Stored Information" ("ESI")** includes without limitation:

    a. information that is generated, received, processed, and recorded by computers and other electronic devices, including without limitation voicemails;

    b. internal or external web sites;

c.  output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs, outlines, electronic mails, instant messenger programs, bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, an archive file, a deleted file, or file fragment;

d.  activity listings of electronic mail receipts and transmittals; and

e.  any and all items stored on computer memories, flash drives, hard disks, floppy disks, CD-ROM, DVD, magnetic tape, microfiche, or on any other media for digital data storage or transmittal such as, but not limited to, smartphone or personal digital assistant (Palm Pilot, Blackberry, iPhone, iPad, or similar device).

6.   **"Person"** includes both a natural person and a corporation, company, government or regulatory agency, or other entity of any kind.

7.   **"Telemicro"** means Corporación de Televisión y Microonda Rafa, S.A, along with any of its precedessors, successors, assigns, employees, agents, attorneys, and any and all persons acting on behalf of any of them, as well as to any individual or entity under their direction or control or from which they have the right or the practical ability to obtain information, records, or documents of any kind.  Because Corporación de Televisión y Microonda Rafa, S.A., is understood to do business under the trade name Telemicro or through its affiliated entities Telemicro International Holding Corp. and Telemicro International Holding, LLC, all references to "Telemicro" shall be construed to include any entity doing business under the name "Telemicro" or any permutation thereof, including but not limited to "Telemicro International Holding Corp.," "Telemicro International Holding, LLC," and "Telemicro Internacional."

### Instructions

8.   This subpoena pursuant to Rules 45 and 69 of the Federal Rules of Civil Procedure and § 5224(a)(2) and (a-1) of the New York Civil Practice Law and Rules as made applicable

3

thereby requires the production of all responsive Documents and Communications located anywhere in the world in Your possession, custody, or control, or available to You, Your branches, employees, accountants, agents, attorneys, auditors, or other persons acting on Your behalf or under any direction or control of Your agents or representatives.

9.      Each request shall be construed as being inclusive rather than exclusive. Thus, words importing the singular shall include the plural; words importing the plural shall include the singular; words importing one gender shall include both genders; the words "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive; the word "all" means "any and all" and the word "any" means "any and all".

10.     All Documents and Communications produced pursuant to this subpoena are to be produced as they are kept in the usual course.

11.     If a Document or Communication is redacted or not produced on the ground that it is privileged and therefore not subject to disclosure, the following information is to be supplied for each Document:

    a.  the nature of the privilege being claimed;

    b.  the type of Document;

    c.  general subject matter of the Document;

    d.  the date of the Document; and

    e.  other such information as is sufficient to identify the Document including where appropriate, the author(s) of the Document, the addressee(s) of the Document, the identity of any Person who had an opportunity to review such Document and, where not apparent, the relationship of the author and the addressee to each other.

12.     If any portion of any Document or Communication is responsive to any request in this subpoena, the entire Document or Communication is to be produced.

13. Each Document or Communication requested herein shall be produced in its entirety without deletion, redaction, or excisions, except as qualified by Instruction 4, regardless of whether You consider the entire Document relevant or responsive to this subpoena. If You have redacted any portion of the Document, stamp the word "REDACTED" beside the redacted information on each page of the Document which You have redacted. Any redactions to Documents produced should be identified on a privilege log in accordance with Instruction 4.

14. All Documents and Communications are to be produced in the form and in the same order within each file in which they existed prior to production, and the file folders, boxes, or other containers or bindings in which such Documents are found are to be produced intact, including the title, labels, or other descriptions of each such folder, box, or other binding container.

15. All Documents and Communications which cannot be legibly copied must be produced in their original forms.

16. Non-identical copies of Documents, drafts, or copies with annotations, and marks of marginalia shall be treated and produced as separate Documents.

17. All ESI responsive to this subpoena that is maintained in the usual course in electronic format shall be produced in its native format along with the software necessary to interpret such files if such software is not readily available, with the metadata normally contained within such Documents, and the necessary load files. If such metadata is not available, each Document shall be accompanied by a listing of all file properties concerning such Document, including, but not limited to, all information concerning the date(s) the Document was last accessed, created, modified or distributed, as well as the author(s) and recipient(s) of the Document.

18.   If any of these requests cannot be responded to in full, You are to produce Documents and Communications to the extent possible, specifying the reason for Your inability to produce further Documents, and stating what knowledge, information, or belief You have concerning the unproduced portion.

## Document Requests

1.   All Documents obtained by You in connection with the opening of any account in which Telemicro has an interest.

2.   All Documents identifying authorized signers and beneficiaries for any account in which Telemicro has an interest.

3.   All Documents, including monthly account statements, reflecting deposits, withdrawals, transfers (including wire transfers), credits, or debits for any account in which Telemicro has an interest.

4.   Copies of federal, state, and city income tax returns together with the schedules, amendments, and worksheets thereof maintained in connection with any account in which Telemicro has an interest.

5.   All Documents that You consulted, reviewed, or referred to in preparing your responses to the Questionnaire enclosed above as "Schedule A."

*Return by email, with hard copy by mail, to: Attorneys for Judgment Creditor:*

        Leif T. Simonson
        Scott Nielson
        Victor S. Leung
        leif.simonson@kobrekim.com
        scott.nielson@kobrekim.com
        victor.leung@kobrekim.com

*Post Office Address:*

        Kobre & Kim LLP
        800 Third Ave
        New York, NY 10022