# KOBRE & KIM

800 THIRD AVENUE
NEW YORK, NEW YORK 10022
WWW.KOBREKIM.COM
TEL +1 212 488 1200

November 3, 2022

Hon. Gabriel W. Gorenstein
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

> RE:   *Major League Baseball Properties, Inc. v. Corporación de Televisión y Microonda Rafa, S.A.*, **Case No. 1:19-cv-8669 (MKV) (S.D.N.Y.)**

Dear Magistrate Judge Gorenstein:

We write to respond to the letter filed by Telemicro International Holding Corp. ("TIHC") earlier today regarding the discovery subpoenas that MLB has served on TD Bank (ECF No. 162). Once again, TIHC baselessly complains about a supposed injustice done to it, whereas in fact it is trying to throw up roadblocks to MLB's efforts to enforce the judgment that this Court entered against Respondent Corporación de Televisión y Microonda Rafa, S.A. ("Telemicro") in September 2020 (ECF No. 38).

MLB is engaging in entirely proper post-judgment discovery to identify assets of the Judgment Debtor Telemicro, including those held by its affiliate and nominee TIHC.  *See, e.g.*, *EM Ltd. v. Republic of Arg.*, 695 F.3d 201, 207 (2d Cir. 2012) (observing that "broad post-judgment discovery in aid of execution is the norm in federal and New York state courts," and noting that under Federal Rule of Civil Procedure 69 a judgment creditor "may obtain discovery from any person" so long as it is "calculated to assist in collecting on a judgment").

As explained in MLB's Turnover Motion (ECF Nos. 122 - 124) and in its opposition to TIHC's Motion to Quash (ECF No. 161), the evidence overwhelmingly shows that Telemicro conducts business in the United States through TIHC and completely controls the company, including its bank account funds at JPMorgan Chase (the "JPMC Account").  Indeed, in her recent deposition, TIHC's owner and CEO, Maribeth Gomez (daughter of Juan Ramon Gomez Diaz, who controls Telemicro), admitted that TIHC used the JPMC Account to make payments on Telemicro's behalf.  *See* ECF No. 160-2 at Tr. 34:17-20, 37:8-11, 96:8-12.  She also testified that TIHC opened a new account at TD Bank after JPMC restrained the JPMC Account. *See id.* at 33:7-19, 34:5-12.  Accordingly, MLB subpoenaed TD Bank for records to determine whether TIHC and Telemicro are using the new account in the same way as they used the JPMC Account.

**AMERICAS** (NEW YORK, DELAWARE, MIAMI, SAN FRANCISCO, SÃO PAULO, WASHINGTON DC)
**APAC** (HONG KONG, SEOUL, SHANGHAI), **CARIBBEAN** (BVI, CAYMAN ISLANDS), **EMEA** (CYPRUS, DUBAI, LONDON, TEL AVIV)

KOBRE & KIM REFERS TO KOBRE & KIM LLP, A NEW YORK LIMITED LIABILITY PARTNERSHIP.

Judge Gorenstein
November 3, 2022
Page 2

It is absurd for TIHC to accuse MLB of having acted "in bad faith" and having engaged in "harassment tactics" simply by stating in its subpoenas to TD Bank that "[Telemicro] is understood to do business . . . through its affiliated entit[y] Telemicro International Holding Corp."  That is exactly what the evidence shows.  Therefore, it was entirely proper for MLB to have asked TD Bank for information about accounts held by Telemicro *or* TIHC.

MLB has not served a restraining notice on TD Bank but may choose to do so should it uncover evidence that Telemicro has an interest in TIHC's account there.  *See* N.Y. C.P.L.R. § 5222; Fed. R. Civ. P. 69(a)(1).  In the meantime, the Court should reject TIHC's baseless request for intervention in MLB's post-judgment discovery efforts.

Respectfully submitted,


s/ Leif T. Simonson
Steven G. Kobre
Josef M. Klazen
Leif T. Simonson


*Attorneys for Petitioner Major*
*League Baseball Properties, Inc.*


Copies to:

All counsel of record
Maureen Haney Subpoena Team Associate TD Bank (Via e-mail: GSI.Subpoenas@td.com)