UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
MAJOR LEAGUE BASEBALL            :
PROPERTIES, INC.,
                      Petitioner,       :
                                                  ORDER
   -against-                              :   19 Civ. 8669 (MKV) (GWG)

CORPORACION DE TELEVISION Y      :
MICROONDA RAFA, S.A., et al.,
                    Respondents.   :
-------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

      On October 25, 2022, plaintiff Major League Baseball Properties, Inc. ("MLB") served an information subpoena and a subpoena duces tecum on non-party TD Bank, N.A. ("TD Bank") seeking information relating to assets belonging to defendant Corporacion de Television y Microonda Rafa, S.A. ("Telemicro"), including assets held by non-party respondent Telemicro International Holding Corporation ("TIHC") in which Telemicro purportedly has an interest. See Subpoenas, filed Nov. 3, 2022 (Docket # 162-2). On November 18, 2022, TIHC filed the instant motion to quash the subpoena.[1] TD Bank has not taken a position on the motion.

      TIHC argues that the subpoenas are overbroad, are unduly burdensome, and seek private records.[2] Id. at 4-5; TIHC Reply at *2.

      MLB argues that because TIHC is not the recipient of the subpoenas, TIHC does not have standing to challenge them under New York law, which purportedly does not recognize the privacy interest of an account holder in bank records. MLB Opp. at 5-7. We are skeptical that New York law applies to a dispute regarding a subpoena issuing from a federal court, even if the subpoena is in aid of a process that derives from a New York state statute. Given that TIHC cannot prevail even under the federal standard, which is more protective of privacy interests,

---

[1] Memorandum of Law in Support of TIHC's Motion to Quash, filed Nov. 18, 2022 (Docket # 170) ("TIHC Mem."). On November 25, 2022, MLB filed opposition. MLB's Memorandum of Law in Opposition to Non-Party TIHC's Motion to Quash, filed Nov. 25, 2022 (Docket # 172) ("MLB Opp."). On December 2, 2022, TIHC filed a reply. Reply Memorandum of Law in Further Support of TIHC's Motion to Quash, filed Dec. 2, 2022 (Docket # 173) ("TIHC Reply").

[2] TIHC initially argued that the subpoenas failed to include language required under N.Y. C.P.L.R. § 5224(a)(3)(i), but following MLB's service of a modified subpoena, see Decl. of Leif T. Simonson, filed Nov. 25, 2022 (Docket # 171), at ¶ 6, the defect has been cured and TIHC no longer presses this argument. See TIHC Reply at *2.

1

however, we will not address the application of the state rule regarding a party's interest in its bank records.

Under federal law, "[i]n the absence of a claim of privilege a party usually does not have standing to object to a subpoena directed to a non-party witness." Langford v. Chrysler Motors Corp., 513 F.2d 1121, 1126 (2d Cir. 1975); see also City of Almaty, Kazakhstan v. Ablyazov, 2020 WL 1130670, at *1 (S.D.N.Y. Mar. 9, 2020) ("As a general matter, only recipients of a subpoena have standing to seek a protective order quashing or modifying the subpoena.") (citing City of Almaty, Kazakhstan v. Ablyazov, 2019 WL 275701, at *2 (S.D.N.Y. Jan. 22, 2019)). However, "a non-subpoenaed party has standing . . . if it has a privilege, privacy[,] or proprietary interest in the documents sought." Universitas Educ., LLC v. Nova Grp., Inc., 2013 WL 57892, at *5 (S.D.N.Y. Jan. 4, 2013); see also Padilla v. Sacks & Sacks, LLP, 2021 WL 4429785, at *1 (S.D.N.Y. Sept. 27, 2021) ("Although, ordinarily, a plaintiff would lack standing to move to quash a non-party subpoena, a party has standing to so move if the party can demonstrate a claim of privilege or other substantial privacy right with respect to the documents sought.") (collecting cases). TIHC's initial memorandum of law, however, did not argue that it has any privacy interest in the documents sought. Thus, TIHC cannot quash the subpoena on this basis.[3]

As to claim of undue burden, "[e]ven where a party has standing to quash a subpoena based on privilege or a personal right, he or she lacks standing to object on the basis of undue burden." Malibu Media, LLC v. Doe No. 4, 2012 WL 5987854, at *2 (S.D.N.Y. Nov. 30, 2012). We thus reject TIHC's claim that the subpoena is unduly burdensome.

As to the claim that the subpoenas are "overbroad," this argument appears to relate to the need for TD Bank to determine what are the accounts in which TIHC has an "interest." TIHC Mem. at 5. Thus, this argument amounts to an objection to the burden being placed on TD Bank, and it must be rejected for the reasons just stated. To the extent that the argument is meant to assert that TIHC's records are not relevant to MLB's efforts to enforce its judgment against Telemicro on the ground that TIHC is an independent entity, we reject this argument because TIHC lacks standing to make a relevance objection in the absence of a privacy right. See Silverstone Holding Grp., LLC v. Zhongtie Dacheng (Zhuhai) Inv. Mgmt. Co., 2023 WL 163256, at *2 (S.D.N.Y. Jan. 12, 2023) (Absent privilege, "a non-recipient 'lacks standing to challenge subpoenas issued to non-parties on the grounds of relevancy or undue burden.'") (quoting Universitas Educ., 2013 WL 57892, at *5).

---

[3] TIHC's reply brief for the first time claimed it had a privacy interest in a specific portion of the records sought: specifically, "federal, state, and city income tax returns." Reply at *2. Because this argument was raised for the first time in a reply brief, we do not consider it. See, e.g., Ocean Partners, LLC v. North River Ins. Co., 546 F. Supp. 2d 101, 111 n.8 (S.D.N.Y. 2008) (citing cases). In any event, we find it highly unlikely that a bank would have the tax returns of its checking account customer.

For the foregoing reasons, TIHC's motion to quash (Docket # 170) is denied.

SO ORDERED.

Date: January 26, 2023
      New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge