USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/15/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAJOR LEAGUE BASEBALL PROPERTIES, INC.,

                    Petitioner,

-against-

CORPORACION DE TELEVISION Y MICROONDA RAFA, S.A., et al.,

                    Respondents.

1:19-cv-8669-MKV-GWG

**ORDER DENYING MOTION FOR TURNOVER**

MARY KAY VYSKOCIL, United States District Judge:

    This matter concerns a dispute between Major League Baseball Properties, Inc. ("MLB") and Corporación de Televisión y Microonda Rafa, S.A. ("Telemicro"), a media broadcast company, concerning the latter's rights to broadcast MLB content in the Dominican Republic. After Telemicro failed to make payments for its broadcast rights under its contract, MLB terminated the contract and filed a demand for arbitration, which resulted in an award being entered in favor of MLB. This Court confirmed the arbitration award [ECF No. 37] and entered a judgment for MLB which exceeded $6 million. [ECF No. 38].

    To collect on its judgment, MLB now has filed a second motion for turnover in this action which was closed several years ago. [ECF Nos. 122, 181].[1] In the pending motion for turnover, MLB seeks $1,078.94 from an attorney trust account which MLB asserts are funds that belong to Telemicro that have not been earned by its attorney, Yankwitt LLP. [ECF Nos. 182].[2] Though

---

[1] The Court granted in part and denied in part MLB's previous motion for turnover. [ECF No. 180].

[2] The facts in this Order are drawn from the MLB's submissions in connection with the pending motion. With respect to the motion for turnover filed by MLB, the filings include the Memorandum of Law in Support of Petitioner's Motion for Turnover [ECF No. 182] ("Mem.") and the Declaration of Josef M. Klazen in Support of Petitioner's Motion for Turnover [ECF No. 183] ("Klazen Decl."), which attaches a copy of Yankwitt's Account Statement for Telemicro [ECF No. 183-1 ("Yankwitt Account Statement")] and a copy of the New York State, Department of State, Division of Corporations Entity Details for Yankwitt, [ECF No. 183-2 ("NYS Yankwitt Entity Information")].

Yankwitt and Telemicro were both served, neither has opposed the motion for turnover. *See* Mem. at 5. MLB represents that Yankwitt "has no objection to MLB's turnover Motion." Mem. at 1. For the reasons set forth below, the Court denies the motion for turnover.

## **LEGAL STANDARD**

A motion to enforce a money judgment is governed by Federal Rule of Civil Procedure 69(a), which provides that "proceedings supplementary to and in aid of judgment or execution . . . must accord with the procedure of the state where the court is located." In New York, the enforcement and collection of money judgments is governed by Article 52 of the Civil Practice Law and Rules ("C.P.L.R."). As relevant here, the recovery of "[p]roperty not in the possession of [the] judgment debtor" is governed by C.P.L.R. Section 5225(b), which states:

> Upon a special proceeding, commenced by the judgment creditor, against a person in possession or custody of money or other personal property in which the judgment debtor has an interest, or against a person who is a transferee of money or other personal property from the judgment debtor, where it is shown that the judgment debtor is entitled to the possession of such property or that the judgment creditor's rights to the property are superior to those of the transferee, the court shall require such person to pay the money . . . .

In other words, C.P.L.R. Section 5225(b) authorizes a turnover proceeding by a judgment creditor "against a garnishee or a transferee." *Aaron v. Mattikow*, 225 F.R.D. 407, 412 (E.D.N.Y. 2004). In order to prevail under Section 5225(b), however, the judgment creditor must satisfy two steps. First, it must show that "the judgment debtor 'has an interest' in the property the creditor seeks to reach." *Beauvais v. Allegiance Secs., Inc.*, 942 F.2d 838, 840 (2d Cir. 1991) (quoting C.P.L.R. § 5225(b)). Second, it must show that either "the judgment debtor is 'entitled to the possession of such property'" or that "'the judgment creditor's rights to the property are superior' to those of the party" currently possessing the property. *Id.* (quoting C.P.L.R. § 5225(b)).

While Section 5225(b) envisions a "special proceeding" rather than a plenary action, there is no provision for such a special proceeding under the Federal Rules of Civil Procedure. As a result, the Second Circuit has explained that "a party seeking a money judgment [under Section 5225(b)] may proceed by motion" under Rule 69(a) and "need not commence a special proceeding, as long as the court has personal jurisdiction over the garnishee." *CSX Transp., Inc. v. Island Rail Terminal, Inc.*, 879 F.3d 462, 469-70 (2d Cir. 2018). "A motion under Rule 69(a) is treated like a summary judgment motion." *Axginc Corp. v. Plaza Automall, Ltd.*, 2021 WL 1030228, at *7 (E.D.N.Y. Mar. 2, 2021); *see also Deflora Lake Dev. Assocs., Inc. v. Hyde Park*, No. 13-cv-4811 (CS), 2016 WL 7839191, at *2 (S.D.N.Y. June 9, 2016), *aff'd*, 689 F. App'x 93 (2d Cir. May 3, 2017) (summary order).

Rule 56(a) of the Federal Rules of Civil Procedure provides that "if a non-moving party fails to oppose a summary judgment motion, then 'summary judgment, *if appropriate*, shall be entered against' him." *Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004) (emphasis in original) (quoting Fed. R. Civ. P. 56(a)). The "failure to respond may allow the district court to accept the movant's factual assertions as true." *Id.* Nevertheless, the district court must "examin[e] the moving party's submission to determine" if he has met his initial burden of demonstrating that there is no genuine issue of material fact. *Id.* Furthermore, in all events, "the moving party must still establish that the undisputed facts entitle him to 'a judgment as a matter of law.' " *Id.* at 246 (quoting *Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996)).

## DISCUSSION

MLB seeks turnover of $1,078.94 in Yankwitt's attorney trust account which are funds deposited by its client, Telemicro, that have not been earned by Yankwitt. *See* Mem. at 1 (citing Yankwitt Account Statement). As part of MLB's investigation into Telemicro's assets in the

3

United States, it froze the $1,078.94 in Yankwitt's attorney trust account pursuant to a restraining notice. *Id.* MLB now seeks turnover pursuant to Section 5225(a) and Federal Rule of Civil Procedure 69(a) as a "proceeding[] supplementary to and in aid of judgment or execution." *Id.*[3]

MLB has made no argument as to the either prong of the analysis under Section 5225(b). Instead, MLB states generally that "[t]he clear language of the statute and federal case law in this Judicial District make clear that money belonging to the judgment debtor in the possession of a third party should be turned over to the judgment creditor directly." Mem. at 3 (citing *Astraea NYC LLC v. Rivada Networks, Inc.*, No. 21 CIV. 10493 (LLS), 2023 WL 3862671, at *2 (S.D.N.Y. June 7, 2023). The analysis is not that simple. *See Beauvais,* 942 F.2d at 840–41 ("By its express language, the rule provides for a two-step analysis in determining whether property belonging to a judgment debtor—but in the possession of a third party—should be turned over to a judgment creditor.").

As explained above and in previous orders in this case, at the first step, the movant it must show that "the judgment debtor 'has an interest' in the property the creditor seeks to reach." *Beauvais*, 942 F.2d at 840 (quoting C.P.L.R. § 5225(b)); *see also* [ECF Nos. 176, 180]. Though MLB makes no argument about this step, the facts before the Court are sufficient to show that Telemicro has such an interest. The Yankwitt attorney trust account holds $1,078.94 in funds

---

[3] As an initial matter, this court has ancillary jurisdiction to enforce its own judgment through a turnover motion. *See Dulce v. Dulce*, 233 F.3d 143, 146 (2d Cir. 2000) (citations omitted) (holding that "[a]s a general rule, once a federal court has entered judgment, it has ancillary jurisdiction over subsequent proceedings necessary to vindicate its authority, and effectuate its decrees. . . . This includes proceedings to enforce the judgment" and "[s]tate law generally supplies procedures for the enforcement of a federal court judgment. *See* Fed.R.Civ.P. 69(a)." ); *see also Epperson v. Ent. Express, Inc.*, 242 F.3d 100, 104 (2d Cir. 2001) (holding that "an action to collect a judgment . . . does not require an independent jurisdictional basis and may proceed even if the parties are non-diverse."); *Nat'l Westminster Bank U.S.A. v. Cheng*, 751 F. Supp. 1158, 1160 (S.D.N.Y. 1990) (holding that it is well settled that "jurisdiction of a court is not exhausted by the rendition of the judgment, but continues until the judgment is satisfied."); *Kashi v. Gratsos*, 712 F. Supp. 23, 25 (S.D.N.Y. 1989) ("A federal district court's jurisdiction to enforce its judgments by conducting supplemental proceedings and issuing orders is an inherent and 'long recognized' authority."); *Clarkson Co. v. Shaheen*, 544 F. Supp. 117, 120 (S.D.N.Y. 1982) (holding that a district court has jurisdiction to "to secure and preserve an earlier judgment").

4

deposited by Telemicro, that have not been earned by Yankwitt. *See* Klazen Decl. ¶ 2; Yankwitt Account Statement. Funds held in an attorney's trust account remain the property of the client. *See S.E.C. v. Princeton Econ. Int'l Ltd.*, 84 F. Supp. 2d 443, 446 (S.D.N.Y. 2000); *S.E.C. v. Credit Bancorp, Ltd.*, 109 F. Supp. 2d 142, 144 (S.D.N.Y. 2000) ("Generally speaking, funds held in an escrow account, such as an attorney trust account, are considered to be funds owned by the client and held by the attorney in a fiduciary capacity."); *see generally In re Mason*, 100 N.Y.2d 56, 59, 790 N.E.2d 769, 771 (2003) ("It is well settled that an attorney may not commingle personal funds with those held in trust for clients or others, nor may an attorney use an escrow account to pay personal expenses."); *In re McCann*, 3 A.D.3d 5, 7, 769 N.Y.S.2d 243, 245–46 (1st Dep't 2003) (in New York, attorney's personal use of funds in attorney trust account is considered "conversion"). This is sufficient to establish that Telemicro has an interest in the funds in Yankwitt's possession and Yankwitt is therefore a "garnishee" under Section 5225(b). *See, e.g.*, *Beauvais*, 942 F.2d at 841 ("A debtor obviously has an interest in its own money or property held by a third party. . . ."); *Reich v. Casabella Landscaping, Inc.*, No. 21 CIV. 9327 (AEK), 2024 WL 4950033, at *4 (S.D.N.Y. Dec. 3, 2024) (same); *see also ContiChem LPG v. Parsons Shipping Co.*, 229 F.3d 426, 433 (2d Cir. 2000) (citing N.Y. C.P.L.R. § 105(i)) ("A 'garnishee' is defined in part as 'a person other than the judgment debtor who has property in his possession or custody in which a judgment debtor has an interest.' "); s*ee also CSX Transportation, Inc. v. Island Rail Terminal, Inc.*, 879 F.3d 462, 468 (2d Cir. 2018); ("Section 5225(b) enables a judgment creditor to commence a 'special proceeding' against a third party who 'is in possession or custody of money or other personal property' in which the judgment debtor has an interest.").

However, the motion fails at the second step as MLB fails to make any argument that or provide any facts supporting the finding that "the judgment debtor is 'entitled to the possession of

such property'" or that "'the judgment creditor's rights to the property are superior' to those of the party" currently possessing the property and fails to put before the Court any facts supporting such a finding. *See* C.P.L.R. § 5225(b); *Beauvais,* 942 F.2d at 840–41 (reversing a district court opinion awarding a turnover of funds because it "did not complete both steps of this analysis" and merely completed the first step by finding that the judgment debtor had an interest in the funds).

First, as Judge Gorenstein explained in a Report and Recommendation issued earlier in this case, [ECF No. 176], though "[a] debtor obviously has an interest in its own money or property held by a third party, . . . that does not necessarily mean it is entitled to possession of that money or property." *Beauvais*, 942 F.2d at 841. For a debtor to be "entitled" to funds, it "must be able to retrieve the disputed assets." *See, e.g.*, *Dussault v. Republic of Argentina*, 616 F. App'x 26, 27 (2d Cir. 2015) (summary opinion) (citing *Swezey v. Merrill Lynch*, 87 A.D.3d 119, 127-28 (1st Dep't 2011)); *Ladjevardian v. The Republic of Argentina*, No. 04-CV-2710 (TPG), 2016 WL 3039189, at *4 (S.D.N.Y. May 26, 2016), *aff'd sub nom. Mohammad Ladjevardian, Laina Corp. v. Republic of Argentina*, 663 F. App'x 77 (2d Cir. 2016). Effectively, "[t]he judgment creditor stands in the shoes of the judgment debtor, and if a given property, asset, interest, or deposit is unavailable to the debtor, it is unavailable to the creditor." *See Swezey*, 87 A.D.3d 119, 127-28 (1st Dep't 2011)). MLB puts forth no facts or argument regarding whether Telemicro can retrieve its balance in the Yankwitt trust account. Accordingly, MLB has failed to meet "its burden of demonstrating that there is no genuine issue of material fact" regarding whether Telemicro is entitled to possession of the funds. *See Vermont Teddy Bear*, 373 F.3d at 244

Second, MLB has made no argument that its right to the balance of the Yankwitt trust account is superior to that of Yankwitt, the third party in possession of the funds. MLB represents in its memorandum that Yankwitt "has no objection to MLB's turnover Motion." Mem. at 1.

"Although the failure to respond [to a summary judgment motion] may allow the district court to accept the movant's factual assertions as true, . . . the moving party must still establish that the undisputed facts entitle him to 'a judgment as a matter of law.' " *Vermont Teddy Bear*, 373 F.3d at 246 (citing Local Civ. R. 56.2). MLB makes no argument—and cites no authority to support the premise—that a garnishee's lack of objection to turnover necessitates a finding that the creditor has a superior right to the subject property. *See D.C.A. Grantor Tr. v. Republic of Argentina,* 616 F. App'x 30, 32 (2d Cir. 2015) (summary opinion) (affirming denial of turnover where "appellants cite no New York authority" supporting their argument that they have superior rights); *Ladjevardian*, 2016 WL 3039189, at *4 (creditors "cannot claim superiority simply because they hold unsatisfied money judgments."). Therefore, MLB has not satisfied its burden to "establish that the undisputed facts entitle [it] to 'a judgment as a matter of law.' " *See Vermont Teddy Bear*, 373 F.3d at 246 (quoting *Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996)).

## CONCLUSION

For the above reasons, the motion for turnover filed by MLB is denied without prejudice to renewal. The Clerk of Court respectfully is requested to terminate docket entry 181.

**SO ORDERED.**

Date: **September 15, 2025**
**New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**

7